IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD ANCIRA,<br>    Petitioner | §<br>§<br>§ | |
| VS. | § | C.A. NO. C-05-123 |
| | § | |
| JOE D. DRIVER, WARDEN,<br>    Respondent | §<br>§ | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Prison Camp in Beaumont, Texas. At the time he filed his petition, he was incarcerated at the Federal Corrections Institution in Three Rivers, Texas ("FCI-Three Rivers"). Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on March 9, 2005, arguing that the respondent is not properly calculating the good conduct time he is due. Respondent filed a motion to dismiss on June 10, 2005, to which petitioner responded on July 13, 2005 (D.E. 13, 16).

## BACKGROUND

On August 21, 1991, after pleading guilty to the offense of possession of heroin with the intent to distribute, petitioner was sentenced in the Austin Division of the Western District of Texas to serve 240 months in the custody of the Bureau of Prisons to be followed by a five-year term of supervised release (D.E. 13, Aff. of Forest Kelly @ Att. 1).

According to BOP calculations, petitioner's full term release date is December 10, 2010 (D.E. 13, Aff. of Forrest Kelly, Att. 2 p. 2). His projected release date, counting the 940 days of

good conduct credits he is eligible to earn, is May 14, 2008 (*Id.*). Petitioner argues that the BOP is miscalculating his good conduct credit and that he actually is eligible to earn 140 additional days of good time (D.E. 1, Att. memor. @ 2). In his motion to dismiss, respondent counters that this court does not have jurisdiction over petitioner's claim, that the claim is not ripe for review, and alternatively that petitioner's release date has been calculated correctly. Respondent concedes that petitioner exhausted his administrative remedies.

## JURISDICTION AND VENUE

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Challenges to the execution of a federal sentence must be raised by habeas corpus petition filed in the district of incarceration. United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990).

Respondent moves to dismiss or to transfer, challenging jurisdiction and venue because petitioner is currently incarcerated in Beaumont, Texas, which is in the Beaumont Division of the Eastern District of Texas. Respondent concedes, however that petitioner was incarcerated at the Three Rivers FCI in the Corpus Christi Division of the Southern District of Texas at the time he filed his petition (D.E. 13 @ 1-2). Jurisdiction over petitioner's habeas corpus petition attaches at the time of the filing of the petition. Lee v. Wetzel, 244 F.3d 370, 375, n. 5 (5th Cir. 1990); Barden v. Keohane, 921 F.2d 476, 477, n. 1 (3rd Cir. 1990); Mujahid v. Daniels, 413 F.3d 991 (9th Cir. 2005). Accordingly, filing in the Southern is District of Texas was appropriate, and the transfer of petitioner to a place outside of the district does not affect this court's authority to hear and determine the petition. Dismissal on this ground is not recommended.

2

# APPLICABLE LAW

## A. Standard of Review

Respondent moves to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Both petitioner and respondent rely upon matters outside the pleadings. All parties have been given an opportunity to present material pertinent to petitioner's claim, and the essential facts are not in dispute. Accordingly, respondent's motion will be treated as a motion for summary judgment. Fed. R. Civ. P. 12; 56. This treatment is in accord with 28 U.S.C. § 2243, which dispenses of the need for a hearing if the "application for the writ and the return present only issues of law". Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is not genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

## B. Computation of Good Time Credit

The statute at issue, 18 U.S.C. § 3624(b), states the following:

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

Petitioner argues that he is entitled to 54 days of good time for each year of his sentence, rather than for each year that he has actually served, citing Williams v. Dewalt, 351 F.Supp.2d 412 (D.Md. 2004) in support of his position. The district court in Williams held that the BOP's policy for calculating good time was improper, and that the petitioners in that case were entitled to 54 days of good conduct credit for each year of the sentence imposed. Id. But the district court's decision was implicitly overruled in June of this year when the Fourth Circuit decided, Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005). The Yi court determined that BOP's interpretation of § 3624(b) is entitled to full deference under Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and upheld the agency's grant of 54 days of good time for every year an inmate actually serves, rather than 54 days for each year of a sentence imposed by a court. Id.

The Fifth Circuit addressed the same issue in Sample v. Morrison, 406 F.3d 310 (5th Cir. 2005). There, the inmate made the same argument as the inmate in Yi. Before addressing the merits of the case, the Fifth Circuit noted that regardless of the interpretation of the statute, the earliest Sample would be eligible for release would be 2012 and that good time credit is earned on an annual basis, rather than in advance. Sample, 406 F.3d at 312. Because any harm Sample might suffer because of the BOP's interpretation of the statute was temporally distant and of a speculative nature, the court held that his allegations did not establish that he would sustain immediate injury or that such injury would be redressed by the relief he requested. Therefore, the court found that the inmate's petition was not ripe for review and it was dismissed for lack of subject matter jurisdiction. Id. (citing United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir.

4

2000); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan, 883 F.2d 345, 348 (5th Cir. 1989) and National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 807-08, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003)).

Similarly, in this case, petitioner's claim is not ripe for review because even under petitioner's calculation he will not be eligible for release until late 2007 (May 14, 2008 less 140 days results in a release date of on or about December 31, 2007). Accordingly, his cause of action should be dismissed because it is not justiciable.

In the alternative, petitioner's case should be dismissed on the merits. In Sample, after discussing whether the petitioner's claim was justiciable, the court stated in *dicta* that even if it were to assume jurisdiction, it would conclude that the district court did not err in denying Sample's 28 U.S.C. § 2241 petition. After setting out the language of §3624(b), the court stated that it is plain from the statute that an inmate must *earn* good time credit by complying with institutional disciplinary rules and that good time is not awarded in advance. Sample, 406 F.3d at 313 (emphasis in original). The statue also plainly states that a prisoner cannot earn any good time credit until he has served at least one year of his prison term and at that time, and thereafter at the end of each year, he may be awarded 54 days of good time credit. "The plain effect of such annual awards is to *reduce an inmate's prison term incrementally while he is serving it.*" Id., (emphasis in original). The court added that if the statutory language did not "plainly" support the BOP's computation method, then it is at worst ambiguous and that deference to the BOP's interpretation is required by Chevron. Id. Every other circuit court which has analyzed this issue has either agreed with or deferred to the BOP interpretation of the statute. See Yi v. Federal Bureau of Prisons, supra; Perez-Olivo v. Chavez, 394 F.3d 45 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d

172, 174 (3rd Cir. 2005); White v. Scibana, 390 F.3d 997 (7th Cir. 2004); Brown v. Hemingway, 53 Fed.Appx. 338 (6th Cir. 2002) (unpublished); James v. Outlaw, 126 Fed.Appx. 758 (8th Cir. 2005)(unpublished); Pacheco -Camacho v. Hood, 272 F.3d 1266, 1268 (9th Cir. 2001). For the reasons cited in Sample and the other circuit court opinions, petitioner's application for habeas corpus relief should be denied.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that respondent's motion to dismiss, treated as a motion for summary judgment (D.E. 13) be granted and petitioner's request for a habeas corpus relief be dismissed because it is not ripe. Alternatively it is recommended that the petition be denied on the merits because the BOP's interpretation of 18 U.S.C. § 3624(b) is reasonable.

Respectfully submitted this 3rd day of October, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).